IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFREY SEWARD,

      Petitioner,

v.                                CASE NO. 3:16-cv-215-RV-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

      Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This case is before the Court on Petitioner's *pro se* Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, stemming from his conviction for sexual battery while in position of a familial or custodial authority and lewd and lascivious molestation on a person older than twelve but less than sixteen years of age. (ECF No. 13.) Respondent has filed a response and appendix with relevant portions of the state-court record, arguing that the Amended Petition ("Petition") should be denied. (ECF No. 16.) Petitioner filed a reply, (ECF No. 17), and the Petition is therefore ripe for review. Upon due consideration of the Petition, the

response, the state-court record, and the reply, the undersigned

recommends that the Petition should be denied.[1]

## State-Court Proceedings

Petitioner was charged by amended information on July 12, 2010,

with four counts of sexual battery while in position of a familial or custodial

authority (counts one through four), one count of lewd and lascivious

molestation on a person older than twelve but less than sixteen years of

age (count five), and two counts of felony battery (counts six and seven).

(ECF No. 16-1 at 2–3.) Following a jury trial on July 14, 2014, Petitioner

was convicted on counts two through four (sexual battery while in position

of a familial or custodial authority) and count five (lewd and lascivious

molestation on a person older than twelve but less than sixteen years of

age). (*Id.* at 5–11; 16-6 at 65–369; ECF No. 16-7 at 1–26.) The trial court

sentenced Petitioner to thirty years imprisonment on counts two and three,

to run concurrently with each other, thirty years imprisonment on count

four, to run consecutive to counts two and three, and fifteen years

imprisonment on count five, to run consecutive to counts two, three, and

---

[1] The Court has determined that an evidentiary hearing is not warranted because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

four. (ECF No. 16-1 at 13–16.)

Petitioner appealed to the First District Court of Appeal ("First DCA"), arguing that the trial court erred by sustaining the State's objection to defense counsel's questions to Petitioner's ex-wife regarding a letter that she found on her front porch. (*Id.* at 23–48.) The First DCA per curiam affirmed without written opinion on October 11, 2012. (*Id.* at 65–68.)

Petitioner then filed a Rule 3.800(a) motion to correct illegal sentence on November 26, 2012, arguing that he was sentenced pursuant to an incorrect scoresheet. (*Id.* at 81–86.) The trial court denied the motion, however, on January 17, 2013. (*Id.* at 87–90.) The First DCA per curiam affirmed without written opinion on May 9, 2013. (*Id.* at 112–27.)

On October 29, 2013, following several amended motions for postconviction relief stricken with leave to amend, Petitioner filed his fifth amended motion for postconviction relief, raising nineteen grounds of ineffective assistance of counsel. (ECF No. 16-2 at 121–49.) On November 5, 2013, the trial court denied ground sixteen[2] on the merits and dismissed the remaining grounds *with prejudice* as facially insufficient, legally

---

[2] In ground sixteen Petitioner claimed defense counsel rendered ineffective assistance of counsel for failing to challenge the victim injury points on the sentencing score sheet where the State had not produced any evidence of injury to the victim. (ECF No. 16-2 at 143.)

insufficient, and/or conclusory. (*Id.* at 157–60.)[3] The court subsequently

denied Petitioner's motion for rehearing. (*Id.* at 198–99.) The First DCA per

curiam affirmed without written opinion on May 16, 2014, and thereafter

denied Petitioner's motion for rehearing and motion for clarification. (*Id.* at

242–51.)

Petitioner next filed a second or successive motion for postconviction

relief on August 27, 2014, raising three grounds of ineffective assistance of

counsel. (*Id.* at 272; ECF No. 16-3 at 1–13.) On October 1, 2014, the trial

court dismissed the motion with prejudice because the claims had been

raised in his fifth amended motion for postconviction relief and dismissed

with prejudice, which foreclosed Petitioner from raising the claims in

another motion for postconviction relief. (ECF No. 16-3 at 17–20.)

Petitioner appealed, but the First DCA per curiam affirmed without written

opinion on January 13, 2015. (*Id.* at 86–90.) The First DCA subsequently

denied Petitioner's motion for rehearing and the mandate followed on

March 17, 2015. (*Id.* at 92–98.)

Following two additional second or successive motions for

---

[3] The dismissal of grounds one through fifteen and seventeen through nineteen was with prejudice because the claims remained insufficient and/or conclusory despite having multiple opportunities to amend the claims. (ECF No. 16-2 at 157–60.)

postconviction relief, which were dismissed without prejudice by the trial court, Petitioner filed a second amended second or successive motion for postconviction relief on April 22, 2015. (*Id.* at 196–209) The trial court, however, dismissed the second amended motion with prejudice as untimely. (ECF No. 16-4 at 129–30.)

Petitioner next filed a motion to correct illegal sentence on April 13, 2015. (ECF No. 16-3 at 171–73.) The trial court denied the motion on April 20, 2015, and then denied Petitioner's reply, construed as a motion for rehearing, on May 5, 2015. (*Id.* at 177–80; ECF No. 16-4 at 107–08.) Petitioner then filed another motion for rehearing, which the trial court denied on June 2, 2015. (ECF No. 16-5 at 112–16.) The First DCA subsequently per curiam affirmed without written opinion on September 2, 2015. (ECF No. 16-4 at 153.)

In the meantime, on May 4, 2015, Petitioner filed a "motion for claim of actual innocence." (ECF No. 16-3 at 216–25; ECF No. 16-4 at 1–5.) The trial court dismissed the motion with prejudice as untimely on May 6, 2015. (ECF No. 16-4 at 109–10.) Petitioner filed a motion for rehearing, which the trial court denied on June 2, 2015. (ECF No. 16-5 at 112–16.) Although Petitioner appealed, the First DCA per curiam affirmed without written

opinion on September 15, 2015. (*Id.* at 117, 124.)

Petitioner then filed a petition for writ of habeas corpus in the First

DCA on February 17, 2016. (*Id.* at 129–67.) On April 15, 2016, the First

DCA per curiam dismissed the petition as unauthorized under *Baker v.*

*State*, 878 So. 2d 1236 (Fla. 2004), due to Petitioner's repeated collateral

attacks on his judgment and sentence. (*Id.* at 170–71.) Petitioner filed a

motion for rehearing and an amended motion for rehearing, which the First

DCA denied on June 14, 2016. (*Id.* at 173–83.)

In the meantime, Petitioner filed the instant Petition in this Court on

May 16, 2016. (ECF No. 1.)

## **Scope of Federal Habeas Review**

Before bringing a habeas action in federal court, a petitioner must

exhaust all state court remedies that are available for challenging his

conviction, either on direct appeal or in a state postconviction motion. 28

U.S.C. §§ 2254(b)(1), (c). Exhaustion requires that prisoners give the state

courts a "full and fair opportunity" to resolve all federal constitutional claims

by "invoking one complete round of the State's established appellate

review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To

properly exhaust a federal claim, a petitioner must "fairly present" the claim

in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that

the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); *see also* § 2254(e)(1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006) (§ 2254 refers to holdings, rather

than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the

lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of §

2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362,

404–06 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams*,

529 U.S. at 362). "Under the 'contrary to' clause, a federal habeas court

may grant the writ if the state court arrives at a conclusion opposite to that

reached by [the Supreme] Court on a question of law or if the state court

decides a case differently than this Court has on a set of materially

indistinguishable facts. Under the 'unreasonable application' clause, a

federal habeas court may grant the writ if the state court identifies the

correct governing legal principle from this Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case."

*Williams,* 529 U.S. at 412–13. "Avoiding these pitfalls [described in

*Williams v. Taylor* ] does not require citation of our cases-indeed, it does

not even require *awareness* of our cases, so long as neither the reasoning

nor the result of the state-court decision contradicts them." *Early v. Packer,*

537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state

court's decision was unreasonable must be assessed in light of the record

the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

In *Gill*, the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. 633 F.3d at 1288 (citing *Harrington v. Richter*, 526 U.S. 86 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S. Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded

that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id.* at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.

*Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A,

might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a

strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied

*Strickland's* deferential standard." *Id*. Double deference is doubly difficult

for a petitioner to overcome, and it will be a rare case in which an

ineffective assistance of counsel claim that was denied on the merits in

state court is found to merit relief in a federal habeas proceeding.

## I. <u>Discussion</u>

### A.  Ground One – Subclaim One: The amended information was defective because it failed to specify the date of the offense, which prevented Petitioner from preparing a defense or establishing an alibi.

For starters, subclaim one of ground one fails to raise a federal

constitutional issue on which habeas relief can be granted. Nothing in

subclaim one references federal law or the Constitution, nor does it

suggest that Petitioner's rights were somehow violated under federal law or

the Constitution.

Even assuming subclaim one is liberally construed as a federal due

process claim, the claim is unexhausted and procedurally defaulted.

Petitioner did not present this claim on direct appeal. Although Petitioner

attempted to present this claim in ground one of his state petition for writ of

habeas corpus, the petition was dismissed as unauthorized. Petitioner

therefore failed to exhaust this claim.

Subclaim one is also procedurally defaulted because Petitioner cannot file a second direct appeal, a second motion for postconviction relief, or a successive state petition for writ of habeas corpus. *See* Fla. R. Crim. P. 3.850(b) (establishing a two-year limitations period for a Rule 3.850 motion); *Johnson v. Singletary*, 647 So. 2d 106 Fla. 1994) (successive petitions for habeas corpus should be denied as an abuse of process).

A procedurally defaulted claim like Petitioner's can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In

such case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for another procedurally defaulted claim. *Id.* at 453. To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has failed to demonstrate either cause and prejudice for the default or a fundamental miscarriage of justice. Although Petitioner argues that he has established cause under *Martinez v. Ryan*, 556 U.S. 1 (2012),[4] because he did not have counsel during his initial-review collateral

---

[4] In *Martinez* the United States Supreme Court held,

[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural

proceedings, *Martinez* applies to claims of ineffective assistance of counsel. Subclaim one of ground one in the instant petition, however, is not a claim of ineffective assistance of counsel.

Furthermore, because Petitioner cannot show cause for his default, the Court need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice."). Petitioner also does not set forth any new evidence, upon which no reasonable juror would have convicted him. He therefore cannot demonstrate a fundamental miscarriage of justice to excuse his procedural default. *See Mize*, 532 F.3d at 1190. Accordingly, he is not entitled to relief on subclaim one of ground one.

## B.  Ground One – Subclaim Two: The State failed to prove each element in the amended information beyond a reasonable doubt.

Subclaim two of ground one also fails to raise a federal constitutional issue on which habeas relief can be granted. Nothing in subclaim two

---

default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

references federal law or the Constitution, nor does it suggest that Petitioner's rights were somehow violated under federal law or the Constitution.

Even assuming subclaim two is liberally construed as a federal due process claim, the claim is unexhausted and procedurally defaulted. Although Petitioner presented this claim in ground fifteen of his fifth amended motion for postconviction relief, the claim was dismissed with prejudice as insufficient and/or conclusory. The state court, therefore, did not pass upon the merits of the claim for exhaustion purposes. This claim is also procedurally defaulted for the same reasons as subclaim one.

Finally, like subclaim one, Petitioner has failed to demonstrate cause for his default. Despite Petitioner's reliance on *Martinez*, subclaim two is not a claim of ineffective assistance of counsel. Nor is subclaim two based on new evidence, upon which no reasonable juror would have convicted him. Petitioner is therefore not entitled to relief on subclaim two of ground one.

**C.  Ground Two: The trial court committed fundamental error by instructing the jury it could find Petitioner guilty if it found that penile-vaginal penetration or union had occurred because union was not charged in the amended information.**

Ground two also fails to raise a federal claim for which habeas relief

may be granted. Nothing in ground two or Petitioner's reply suggests that the his federal or Constitutional rights were violated. Ground two should therefore be denied.

Even assuming ground two is liberally construed as a due process claim, the claim is unexhausted and procedurally defaulted. Petitioner did not raise this claim on direct appeal. Although Petitioner later presented this claim in his state petition for writ of habeas corpus, the petition was dismissed as unauthorized and Petitioner cannot return to state court at this juncture to present this claim. Petitioner also cannot demonstrate cause and prejudice for his default, nor has he demonstrated a fundamental miscarriage of justice for the same reasons set forth in ground one. Accordingly, even liberally construed as a due process claim, ground two should be denied.

## D. Ground Three: Ineffective assistance of counsel for failing to move for a change of venue due to publicity of the case prior to trial.

Ground three is unexhausted and otherwise without merit. Although Petitioner presented this claim in ground fourteen of his fifth amended motion for postconviction relief, the claim was dismissed with prejudice as insufficient and/or conclusory. Similarly, while Petitioner attempted to raise this claim in his state petition for writ of habeas corpus, the claim was

dismissed as unauthorized. The state court therefore did not pass upon the merits of the claim and Petitioner cannot return to state court at this juncture to present this claim a second time.

Even assuming Petitioner could demonstrate cause and prejudice to overcome the procedural default, ground three is without merit.

"The constitutional standard of fairness requires that a defendant have a panel of impartial, 'indifferent' jurors. Qualified jurors need not be totally ignorant of the facts and issues involved." *Murphy v. Florida*, 421 U.S. 794, 799–801 (1975) (citations omitted). "If pretrial publicity is so prejudicial and inflammatory as to preclude the selection of an impartial jury, due process requires a change of venue or a continuance." *Cummings v. Dugger*, 862 F.2d 1504, 1509 (11th Cir. 1989) (citations omitted). To find actual prejudice (1) "it must be shown that one or more jurors who decided the case entertained an opinion, before hearing the evidence adduced at trial, that the defendant was guilty," and (2) it must be determined that these jurors "could not have laid aside these preformed opinions and 'rendered a verdict based on the evidence presented in court.'" *Id.* (quoting *Irvin v. Dowd*, 366 U.S. 717, 723, 727 (1961)). Alternatively, "[p]rejudice is presumed from pretrial publicity when (1)

pretrial publicity is sufficiently prejudicial and inflammatory, and (2) the prejudicial pretrial publicity saturated the community where the trials were held." *Id.* (citing *Rideau v. Louisiana*, 373 U.S. 723, 726–27 (1963); *Murphy*, 421 U.S. at 798–99).

Petitioner has not demonstrated that counsel rendered ineffective assistance of counsel by failing to move for change of venue. Petitioner provided no evidence demonstrating that pre-trial publicity was so prejudicial as to render finding an impartial jury impossible. Petitioner merely claims that his picture was on the news, in the newspapers, and on the sex offender website prior to his conviction. This type of pre-trial publicity, however, is not uncommon. If merely posting a defendant's picture on the news, in newspapers, and online prior to trial rendered finding an impartial jury impossible, most criminal cases would warrant a change of venue.

The record also does not demonstrate that pre-trial publicity was so prejudicial as to render finding an impartial jury impossible. Notably, prior to jury selection none of the potential jurors said that they had a bias or prejudice against Petitioner. Further, during questioning of the venire all potential jurors responded that they believed they could give Petitioner a

fair trial, and confirmed they did know anything about the case. (ECF No.
16-5 at 267, 273.)

In the absence of any evidence suggesting that pre-trial publicity was
so prejudicial that it was impossible to find an impartial jury, there was no
reason for counsel to move for a change of venue. Counsel therefore could
not have rendered deficient performance by failing to move for a change of
venue. Petitioner also cannot demonstrate prejudice where there was no
deficient performance. Accordingly, ground three does not warrant federal
habeas relief.

### E.  Ground Four: Ineffective assistance of counsel for violating Petitioner's Fifth Amendment rights.

For starters, ground four is insufficiently pleaded. This claim is
nothing more than a vague, conclusory statement alleging no facts or
reasons in support thereof. The Court cannot grant habeas relief on such a
vague and conclusory claim. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647
F.3d 1057, 1060–61 (11th Cir. 2011) (allegations supporting a habeas
claim must be factual and specific; conclusory allegations do not warrant
federal habeas relief); *Jones v. McNeil*, 776 F. Supp. 1323, 1351 (S.D. Fla.
2011) (denying federal habeas relief where claim was based on conclusory
allegations and therefore insufficiently pleaded).

Even assuming this claim is the same claim as ground five of his fifth amended motion for postconviction relief—in which he alleged that defense counsel was ineffective for failing to file a motion to suppress based on the failure of law enforcement to read him his *Miranda*[5] rights—the claim is unexhausted because the trial court dismissed the claim with prejudice as insufficient and/or conclusory. (ECF No. 16-2 at 131, 157–60.) The First DCA also dismissed this claim in Petitioner's state habeas petition as unauthorized. This claim is also procedurally defaulted because Petitioner cannot return to state court at this juncture to raise this claim.

Furthermore, even if Petitioner could demonstrate cause and prejudice to overcome the procedural default, this claim is without merit. Petitioner admits in his fifth amended motion for postconviction relief that the interview was a non-custodial interview. (*Id.* at 131.) *Miranda* warnings are required "where a suspect *in custody* is subjected to interrogation." *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980) (emphasis added). Thus, any motion to suppress Petitioner's confession during the non-custodial interview would have been denied. *See United States v. Barry*, 479 F. App'x 297, 299 (11th Cir. 2012) (district court did not err in denying

---

[5] *Miranda v. Arizona*, 384 U.S. 436, 474 (1966).

defendant's motion to exclude incriminating statements made during non-custodial interview because *Miranda* requirements did not apply to non-custodial interview). Counsel could not have rendered deficient performance in failing to file a motion to suppress with no merit, nor could Petitioner have been prejudiced by such. Accordingly, even if ground four was sufficiently pleaded and not procedurally defaulted, it does not warrant habeas relief.

## F. Ground Five: A letter in evidence was never discussed at trial.

Ground five fails to raise a federal constitutional issue on which habeas relief can be granted and is otherwise insufficiently pleaded. Nothing in ground five suggests that Petitioner's rights were somehow violated under federal law or the Constitution and it is nothing more than a vague, conclusory statement alleging no facts or reasons in support thereof. Ground five should therefore be denied.

## G. Ground Six: Ineffective assistance of counsel for leading Petitioner to believe it was more favorable to go to trial than to take a seven-year plea deal.

Ground six is insufficiently pleaded, as it is nothing more than a vague, conclusory statement without any facts or reasons in support thereof. Ground six should therefore be denied.

Even assuming this claim is the same claim raised in ground one of Petitioner's fifth amended motion for postconviction relief,[6] however, the claim is unexhausted and procedurally defaulted for the same reasons as ground four.

Furthermore, even if Petitioner could overcome the procedural default, this claim is without merit. In ground five of his fifth amended motion for postconviction relief, Petitioner claimed that he turned down a seven-year plea deal because defense counsel told Petitioner he was confident Petitioner would be acquitted at trial due to a lack of evidence to support a conviction. (ECF No. 16-2 at 127.)

With respect to a guilty plea, counsel must "provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984) (citing *Walker v. Caldwell*, 476 F.2d 213, 218 (5th Cir. 1973)). "To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as

---

[6] (ECF No. 16-2 at 127.)

to the best course to be followed in protecting the interests of his client." *Id.*

(citing Walker, 476 F.2d at 217). Counsel merely conveying his confidence

that Petitioner would win at trial, without more, does not equate to deficient

performance. Petitioner therefore cannot demonstrate that he was

prejudiced by counsel's deficient performance. Accordingly, even if ground

six was properly pleaded and not procedurally defaulted, it is without merit

and should be denied.

## H.  Ground Seven: The detective ignored Petitioner's requests to have counsel present during his interview in violation of Petitioner's Sixth Amendment right.

Ground seven is unexhausted and procedurally defaulted. Petitioner

did not raise this issue on direct appeal and he is not entitled to a second

direct appeal. Although Petitioner attempted to raise this issue in his state

petition for writ of habeas corpus, the claim was dismissed as

unauthorized. (ECF No. 16-5 at 164–66, 170–71.) Petitioner also cannot

return to state court at this juncture to present this claim. Nor has Petitioner

demonstrated cause or prejudice or a fundamental miscarriage of justice to

overcome the procedural default.[7] Ground seven should therefore be

---

[7] Petitioner's reliance on *Martinez* fails for the same reason set forth in subclaim one of ground one.

denied.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Amended Petition for a Writ of Habeas Corpus, ECF No. 13, should be **DENIED**, and that a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 29th day of May 2018.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.